Spencer, J.
delivered the opinion of the court. The only question arising in this cause is, whether the weight of the articles insured is to be considered French or American ?
*32 The difference between them as stated, and admitted by the case, is agreeable to the standard, eight per cent, that is to say, eight per cent, is added to the American, on the French weight, to ascertain the weight according to our standard.
In the construction of policies of insurance, the intention of the parties is to be sought from the circumstances attending the transaction, and the usage of the trade.
This policy was subscribed in New York, and it appears to us that the parties could have had reference to no other weight than that of the country where the insurance was effected. If other circumstances were wanted to manifest such intention, they might be found in the use of the currency of this country in making the valuation. In contracts here, referring to weight or currency generally, it appears *to us, that to intend any other than those in use here would be doing violence to the intention of parties.
It is stated in the case, that in paying freight, where the contract is to pay so much per lb., it is the usage in the city of New York to be governed by the actual weight, without' regard to the foreign weight expressed in the bill of lading, but in cases like the present, there is no usage in New York.
We think the usage, and the reason of it, as respects freight, applicable to the present case.
In Baltimore it is stated that there is a usage in cases like the present, and that there the weight is ascertained by adding eight per cent, to the French.
On the argument it was contended, for the defendants, that in consequence of prior insurances, the plaintiff was not entitled to recover beyond the premium; it was answered that the object of the plaintiff was to cover th« profits on the cargo.
The agreement of the parties to the case before the court, supersedes the necessity of any examination of this point.
It is expressly agreed, that if the court should be of opin *33 ion that the difference between French and English weight, as established by the legal standard, shall be the rule or guide, then the verdict to stand.
We are therefore of opinion, that in judgment of law, the parties intended the American weight; and, that in ascertaining that, the standard difference eight per cent, ought to be added to the weight in the bill of lading, and that the plaintiff is entitled to his judgment accordingly.
Judgment for the plaintiff according to the standard difference.