### FLYNT BLDG. & CONST. CO. v. BROWN.

(Circuit Court of Appeals, Second Circuit. March 5, 1895.)

1. NEGLIGENCE—CONSTRUCTION OF RUNWAY—EVIDENCE OF CUSTOM.

In an action for injuries received by tripping over a wooden runway, built across a sidewalk, on which to carry materials for a building, the claim of plaintiff being that the runway was composed of two layers of two-inch plank, making its entire height four inches above the sidewalk, and that its sides arose therefrom perpendicularly, plaintiff, for the purpose of proving that the runway was not properly made, may show that

the usual and ordinary way of constructing them was to have the sides slope gradually to the sidewalk.

**2.** SAME—OPINION EVIDENCE.

In such case, where defendant claimed that the runway was composed of ceiling boards seven-eighths of an inch thick, laid two deep, plaintiff, for the purpose of showing that the runway must have been more substantial, may ask an expert witness what effect it would have to run eight loads per day, weighing two tons each, over a runway composed of such boards, a witness for defendant having testified that that was the number and weight of the loads driven over it daily.

Error to the Circuit Court for the Eastern District of New York.

Action by Jacob A. Brown against the Flynt Building & Construction Company for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles J. Patterson, for plaintiff.

Jesse Johnson, for defendant.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. In December, 1891, the Flynt Building & Construction Company, the defendant in the circuit court, was engaged in altering a building upon Adams street, in Brooklyn, and for the convenience of the company and for the protection of the sidewalk had built across the paved walk a wooden runway, over which material was carried into the building. The plaintiff tripped over this runway, about 5 o'clock in the afternoon of December 18, 1891, at a point under the elevated railway, where the light was very dim, and broke his arm, and thereafter brought this suit against the construction company to recover damages for its alleged negligence. The height of the runway above the sidewalk was a material and disputed question of fact. The plaintiff's testimony was to the effect that the structure consisted of two tiers of planks, each two inches thick, the tiers or layers being placed crosswise to each other, and one above the other; making the entire height of the wooden way four or four and one-half inches above the sidewalk, from which its square sides rose perpendicularly. The defendant's testimony was to the effect that the runway was made of ceiling boards seven-eighths of an inch thick, laid in two similar layers, and that on each side where foot passengers approached the way the boards were beveled off with a hatchet. The jury rendered a verdict for the plaintiff. The defendant assigned two causes of error, each of which related to the admissibility of testimony.

An expert witness was asked by the plaintiff, "What is the usual and ordinary way of constructing these runways resting upon the sidewalk?" The question was asked for the purpose of proving that the customary way was to nail a triangular board, called a "skewback," upon each edge of the double layer of planks, so that the top service of the skewback should slope towards the sidewalk, and present a gradually inclined surface to persons as they approach the runway, and prevent stumbling over a perpendicular edge. The defendant objected to this question, which the court

admitted. It is true that the person who is charged with an act of negligence which has caused an injury cannot protect himself by showing that similar acts were customary in the community where he lived. If an act is careless in itself, the legal responsibility for the carelessness is not mitigated by the fact that others are alike careless. But when the question is whether a structure is properly made, or work which, from its nature, involves danger, is properly carried on, it is competent for the party who has the burden of proving negligence to show that the other abandoned the use of precautions which universal experience had shown to be necessary. Thus, where work in a mine was being carried on under known circumstances of danger, without precautions on the part of the superintendent to avert the result of which he had been warned, evidence was given that "such precautions were practicable, and frequently adopted in other mines" (Pantzar v. Mining Co., 99 N. Y. 368, 2 N. E. 24); and where the question was whether sufficient precautions were provided by an employer for the safety of his workmen in their work, evidence was given that a specified method of construction of the machinery and appliances would have added to the safety of the employés, and was usual in like work (Davidson v. Cornell, 132 N. Y. 228, 233, 30 N. E. 573). While it is true that the question of the inherent negligence of an act which has produced an injury does not depend upon the fact that similar acts had become common without injury, yet, when general experience has shown that in the construction of buildings or machinery certain precautions must be taken to avoid calamity, it is evidence tending to prove negligence that these precautions were deliberately omitted. As has been stated, the height of the runway above the sidewalk was a question in issue. The defendant asserted that the wooden walk was made of boards seven-eighths of an inch thick. A witness for the defendant had testified that the weight of the loaded trucks which were driven over the runway was two to two and a half tons, and that on some days as many as eight such loads were driven over said runway. For the purpose of showing that the runway must have been more substantial than as claimed by the defendant, an expert witness for the plaintiff was asked what effect it would have to run eight loads per day of brick, of two tons each, over a runway composed of seven-eighths inch pine planking. The admissibility of this question against the objection of the defendant as incompetent is the second subject of error. The defendant thinks that the question was asked for the purpose of disproving that which the plaintiff had admitted in his complaint, viz. that the runway was made of boards. The question was asked for the purpose of showing the improbability of the defendant's testimony that the walk was made of thin ceiling boards, and was admissible. The judgment of the circuit court is affirmed, with costs of this court.