# Jefferson Fertilizer Co. *v.* Houston.

### *Killing Animals.*

#### (Decided Nov. 28, 1911. 57 South. 98.)

1. *Evidence; Res Gestae.*—A conversation between a son of the owner of the cow and the manager of the defendant corporation on a day after the accident resulting in the death of the cow was not a part of the res gestae.

2. *Same; Admissions; Declaration of Agents.*—Where a cow was killed by falling into an open, unguarded pit maintained by the defendant, declarations of the manager of the defendant made the day after the accident was not binding on the defendant.

3. *Negligence; Action for; Evidence.*—Where a cow was killed by falling into an unguarded pit maintained by a fertilizer company, it was competent to show that the maintenance of the pit was necessary to its business, and that such pits were maintained in the same way by other well regulated fertilizer companies, upon the issue as to whether or not the pit had been negligently maintained.

4. *Charge of Court; Weight and Sufficiency of Evidence.*—The weight and sufficiency of the evidence is for the jury and not for the court to determine.

5. *Same; Abstract Instructions.*—Where the claim of the plaintiff was that the cow died as the result of injuries from falling into a pit, containing lead acids, and the insistence of the defendant was that other causes produced the death, a charge asserting that if the death of the cow was the result of some disease, or any other cause than the contents of the white lead pit, then the verdict must be for the defendant, was not abstract, and should have been given.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by D. W. Houston against the Jefferson Fertilizer Company for damages for the death of a heifer. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following charge was refused to defendant: (11) The court charges the jury that, if you are reasonably satisfied from the evidence that the death of plaintiff's cow was caused by reason of some disease, or any other cause than the contents of the white lead pit she walked into, then your verdict must be for the defendant."

[Jefferson Fertilizer Co. v. Houston.]

ESTES, JONES & WELCH, for appellant. Counsel discuss the action of the court on the pleading, but in view of the opinion it is not deemed necessary to here set them out. The defendant was not bound by the conversation which took place between plaintiff's son and the manager on the day after the accident.—*A. G. S. v. Tapia,* 94 Ala. 226; *R. & D. R. R. Co. v. Hammond,* 93 Ala. 185; *A. G. S. v. Hawkes,* 72 Ala. 112. The defendant is entitled to show that the maintenance of the pit was necessary to its business, and that it was maintained as similar pits are maintained by a well regulated fertilizer company.—*Wilson v. L. & N.,* 85 Ala. 269; *Holland v. T. C. I. & R. R. Co.,* 91 Ala. 451; *Bir. Fur. Co. v. v. Gross,* 97 Ala. 229; *C. of Ga. v. Foshee,* 125 Ala. The court should have given the general affirmative charge for the defendant.—*Bromley v. Bir. Min.* 95 Ala. 299; *St. L. & S. F. v. Phillips,* 51 South. 638. Counsel discuss other assignments of error, but without citation of authority.

WILLIAM HUGH MCENIRY, for appellee. There is no error in the ruling on the pleadings.—*Hurd v. Lacy,* 93 Ala. 427; *Stanton v. L. & N.* 8 South. 798. The admissions and confessions of the superintendent were binding.—16 Cyc. 1003, 1014, 1020; 1 Greenl. 308. The fact that the pit was necessary for the conduct of the business, and was such as was maintained by well regulated fertilizer companies was not relevant to any issue.— *Hurd v. Lacy, supra.* On the authority of this case, the judgment of the lower court should be affirmed.

PELHAM, J.—The heifer that was the subject of the litigation resulting in this appeal was the property of the appellee, who brought suit against the appellant, alleging that a ditch, excavation, or trench negligently

maintained upon its property, and used in connection with the manufacturing business carried on by appellant, caused the animal's death. The appellant was engaged in manufacturing fertilizers and by-products at its plant near Bessemer, in precinct No. 33, Jefferson county, where there was no law to prohibit domestic animals from running at large. The premises where the business was carried on were not inclosed, and the appellant had excavated a pit, ditch, or trench in the ground near one of its buildings, into which was run white lead to be dried by the sun before shipment. This white lead had more or less sulphuric acid mixed with it, and was washed by a flow of water from the building through troughs into the ditch to dry. There was no guard or other protection around the ditch or pit to keep out stock running at large, except the embankments made by the dirt thrown out in excavating the trench. The white lead and other substances run into the pit had no qualities to attract cattle, but around another place in the plant a saline matter, known as "kainit," had been kept, which had attracted cattle; but it was not shown that this kainit had been kept on the premises where it would attract animals for some time prior to the injuries complained of. Grass and weeds, however, were growing on the premises in August, at the time of the occurrence in question.

The appellee, the owner of the heifer, who lived near appellant's plant, alleged in his complaint that the ditch was negligently maintained; that there was no fence or other guard to prevent cattle going into it; that the salty matter (kainit) kept upon the premises, or the grazing afforded, attracted his heifer to go there; and that she walked or fell into the excavation made for drying the

[Jefferson Fertilizer Co. v. Houston.]

white lead, and by reason of the lead or acid contained therein received injuries resulting in her death.

Suit was originally brought in a justice court and tried there, and appealed to the city court of Bessemer, where it was again tried and a judgment rendered, from which this appeal is prosecuted. There are no less than 49 assignments of error, a great many more than are necessary to present for review all the questions that could be properly raised upon the record.

On the trial of the case in the city court, the appellant objected to the question asked the witness Joe Houston, appellee's son, "What did you say to Mr. Southerland with reference to the heifer when you were there?" The court overruled the objection, and allowed the witness to answer. The conversation was the next day after the animal had been in the pit, and the question clearly sought to elicit illegal testimony, in that it called for a mere narrative of a past event or declaration, and the objection should have been sustained.—*M. & C. R. R. Co. v. Womack, Adm'r.*, 84 Ala. 149, 4 South. 618; *So. Ry. v. Reeder*, 152 Ala. 227, 44 South. 699, 126 Am. St. Rep. 23, and authorities there cited; *L. & N. R. R. Co. v. Pearson, Adm'r*, 97 Ala. 211, 12 South. 176. The conversation was no part of the res jestæ; it related to a past transaction, and the fact that Southerland was appellant's superintendent did not make either the statements of Houston or Southerland competent evidence. The company would not be bound by statements of Southerland made in reference to past transactions.—*Ala. Gt. So. Ry. Co. v. Hawk*, 73 Ala. 112, 47 Am. Rep. 403; *L. & N. R. R. Co. v. Carl*, 97 Ala. 271, 9 South. 334. This witness, Joe Houston, was allowed, against appellant's objection, to testify to what he said and what Southerland said in

this conversation. The court was in error in overruling each of the several objections to the questions eliciting the conversation, and in overruling the motion to exclude the answer.

The appellant should have been allowed to prove that the pit as excavated and maintained was necessary to the operation of its business, and was excavated and maintained in a similar manner and the usual and customary way such pits are excavated and maintained by all well-regulated fertilizer plants engaged in like business under similar conditions; and evidence tending to prove these facts was improperly excluded. These facts, if true, the appellant had a right for the jury to consider in arriving at a conclusion as to whether or not it had negligently maintained the pit as alleged by appellee.— *Holland v. T. C. I. & R. Co.*, 91 Ala. 445, 8 South. 524, 12 L. R. A. 232; *Wilson v. L. & N. R. Co.*, 85 Ala. 269, 4 South. 701.

There was no other reversible error shown in the various rulings of the court in passing on the testimony upon which any assignment of error is based.

Charge 11, requested by the appellant, is not abstract, as insisted by appellee, and it should have been given. It was the appellee's contention that the heifer fell or walked into the ditch (plaintiff's witness, who saw her go in, said she walked in), and that by reason of the lead or acid in the ditch she received injuries resulting in her death. The animal died the next day after getting in the ditch, and there was evidence from which the jury could conclude that her death was to be attributed to the substance she got upon her while in the ditch; and there was also evidence offered by appellant tending to show the animal's death was due to other and entirely different causes having no connection with the ditch. It was

a question for the jury, under the evidence, whether the death was due to the lead or acid in the pit, alleged to have been negligently maintained by appellant, or to the other causes, for which it would not be responsible. The weight and sufficiency of the evidence were questions, not for the court, but for the jury.—*Central of Ga. Ry. Co. v. Dothan Mule Co.,* 159 Ala. 225, 49 South, 243; *Way v. State,* 155 Ala. 52, 46 South. 273.

Rulings on the other charges are free from reversible error. Some of them belong to that class which a court may or may not give, in its discretion, without being put in error. The general charge on each of the counts was properly refused. The evidence made appellant's liability under each count of the compplaint a question of disputed fact under the pleading, and it was correctly submitted to the determination of the jury.

There was no error committed in the rulings on the pleading. The rules laid down in *Hurd v. Lacy,* 93 Ala. 427, 9 South. 378, 30 Am. St. Rep. 61, are sound, and correctly state the law applicable to the right of a party, where the injury is occasioned by the negligence of the landowner, to recover damages for injuries to stock received on another's lands in a district where animals are permitted to run at large.

For the errors designated, the case must be reversed.

Reversed and remanded.