**WALKER v. STEPHENS.**

6 Div. 454.

Supreme Court of Alabama.
March 27, 1930.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellant.

Jacobs & Carmack, of Birmingham, for appellee.

GARDNER, J.

This cause has previously been before this court upon the same counts of the complaint and upon evidence in substantial accord. Stephens v. Walker, 217 Ala. 466, 117 So. 22. The salient features of the evidence appear in the opinion on former appeal, and need no repetition here.

The view was here entertained, and so expressed, that a jury question was presented and intended applicable to each count of the complaint. We adhere to that view, though as to a few of the counts some elaboration is appropriate. These are the counts (count 1 among them) wherein negligence is laid to an authorized agent of defendant in the operation of the truck. The basic feature of liability in this case is the undisputed fact that, while the tank of the truck, situated as it was not far removed from the engine, was being filled with gasoline the motor was left running. From the uncontroverted proof this was dangerous, and so known to young Perryman in charge of the filling station. We think these counts were intended to have application to negligent conduct of one who brought the car to the station for gasoline and left the motor running. Perryman insists the truck was so operated by Orin Gray, a helper for the driver, and defendant insists Gray was operating it without authority.

Under the rule in this state, proof that the truck was that of defendant was sufficient to authorize the inference that the driver at the time was employed by the defendant and was acting within the scope of his employment. The presumption thus raised is rebuttable, and, if the evidence in rebuttal is undisputed, clear, and convincing, the defendant is entitled to the general affirmative charge properly requested. Ford v. Hankins, 209 Ala. 202, 96 So. 349; Toranto v. Hattaway, 219 Ala. 520, 122 So. 816.

The driver of the truck employed Gray to assist in delivery of the milk, with the knowledge and consent of defendant. He had been so engaged for seven or eight months. The driver insists Gray was not authorized to drive the truck, but Perryman testifies Gray had brought the truck there for such purpose "every few days."

These helpers worked around the plant where defendant trustee and his superintendent could see them. They were constantly thrown in contact with each other about the dairy plant. We think the evidence sufficient for inference that driving the truck to the filling station for gasoline was a very common practice on the part of Gray, and one known to, and acquiesced in by, the defendant.

We are not persuaded the presumption raised by plaintiff's proof has been met by evidence so clear and convincing as to take from the jury the question of defendant's responsibility therefor. The affirmative charge requested upon a contrary theory was properly refused. Ford v. Hankins, supra; Toranto v. Hattaway, 219 Ala. 520, 122 So. 816; Emison v. Wylam Ice Cream Co., 215 Ala. 504, 111 So. 216; Tennessee Coal, Iron & R. R. Co. v. Hayes, 97 Ala. 201, 12 So. 98.

The witness Chester was an automobile mechanic of twenty years' experience, and he was properly permitted to explain to the jury where was located the gasoline tank on this truck shown to him as the one here in question and with the model of which he was familiar. His evidence tended merely to show in what manner ignition could occur by filling the tank with gasoline while the motor was running, the details of which need not be here stated. This witness was also gasoline pump inspector for the Standard Oil Company—his territory embracing stations within one hundred miles of Birmingham. He was permitted to state that it is customary at filling stations to cut off the motor while filling the tank with gasoline. Defendant's objection to this testimony is based upon the assumption that the witness had reference to the custom only of the Standard Oil Company, and that it therefore does not come within the rule. But we do not construe his testimony as so restricted, for he not only

observed and visited those of the Standard Oil Company within the radius above indicated, but "others too," and his evidence indicates a general observation. Clearly, evidence of a general custom, usage, or practice in this respect was competent upon the question of negligence or due care. 45 C. J., p. 1241; Maxwell v. Eason, 1 Stew. 514; Johnson v. Lightsey, 34 Ala. 169, 73 Am. Dec. 450; Holland v. Tenn. Coal, Iron & R. R. Co., 91 Ala. 444, 8 So. 524, 12 L. R. A. 232; Jefferson Fertilizer Co. v. Houston, 3 Ala. App. 348, 57 So. 98; Flynt Bldg. & Const. Co. v. Brown (C. C. A.) 67 F. 68.

We think also this witness was properly permitted to testify that to fill such a tank with gasoline with the motor running was dangerous. He was fully qualified to answer, and the evidence was not subject to the objection that the witness was testifying to a matter directly in issue. Heralds of Liberty v. Collins, 216 Ala. 1, 110 So. 283; American Nat. Ins. Co. v. Rosenbrogh, 207 Ala. 538, 93 So. 502. The evidence discloses that the truck had been for some time in service and wires frequently got loose, and the magneto was uninclosed and not gasoline proof. The tank was under the windshield, and the fire appeared to come from underneath the hood. We think the witness Chester, the expert mechanic, was properly permitted to express an opinion as to the probable cause of the fire under the facts hypothesized which found support in the evidence. Assignments of error 8 and 9 are without merit.

Quite a number of the errors assigned relate separately to the refusal of the affirmative charge as to each count of the complaint. What has heretofore been stated suffices to show our conclusion that there were tendencies of the evidence supportive of each count, and that these charges were properly refused.

Nor do we think the verdict of the jury was so contrary to the great weight of the evidence as to justify its disturbance here.

The deceased was about fourteen years of age, and, according to Perryman's account of the matter, was, at the time of the accident, standing on the running board of the car. Defendant insists the court erred in refusing to instruct the jury that he was guilty of contributory negligence as a matter of law, but we are of the opinion that this was a question for the jury and properly so submitted to them. Walker County v. R. F. Davis, post, p. 195, 128 So. 144, present term.

We think the language of charge 49 was involved and confusing to the lay mind, and we do not consider it as a substantial reproduction of charge 1 approved in Hammett v. B'ham Rwy., Lt. & P. Co., 202 Ala. 520, 81 So. 22. However, if the purpose of the charge was to instruct the jury that the negligence upon which plaintiff's right to recovery rests must be the proximate cause of the injury, free from any intervening efficient cause (Tobler v. Pioneer Mining Co., 166 Ala. 482, 52 So. 86), that principle was fully stated in charges 50, 20, 18, and 37, given for defendant. There was no reversible error in the refusal of this charge.

We do not consider that the question as to the ruling on demurrer to the counts needs discussion. Clearly no reversible error here appears.

As to assignment 36, the record shows the witness had answered the question before any objection was interposed, and no motion made to exclude the answer, and plaintiff was to further connect this testimony. But, in addition, it is clear that the witness was familiar with this model of truck, and his evidence related merely to an explanation of its mechanism with particular reference to the location of the tank as relating to the engine as to which there appears no dispute. In no event, therefore, could reversal be rested upon this ruling.

The witness Chester was properly permitted to testify that the wires frequently became loose; also as to the result of pouring gasoline on a spark.

Conditions were not shown to be the same at the time certain photographs were taken at the plant. Moreover, we are unable to see that their introduction would have been of any probative value upon the issues involved. There was no reversible error in their rejection.

The argument of counsel was permissible under the proof, and the same does not come within the influence of Coosa Portland Cement Co. v. Crankfield, 202 Ala. 369, 80 So. 451, cited by appellant.

We also conclude the argument made the basis of assignment of error 54 was but a deduction from the evidence authorized thereby, and not improper.

Upon a consideration of the whole case and the questions argued by counsel, we find no error to reverse. The judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.