**COLBERT v INDUST COMM**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12457. Decided May 31, 1932

Ben C. Ruby, Cleveland, for plaintiff in error.

Gilbert Bettman, Columbus, and Arthur Krause, Cleveland, for defendant in error.

**VICKERY, J.**

After the Industrial Commission had rejected the claim, proper steps were taken and an appeal was taken to the Common Pleas Court where the same evidence that was introduced before the Commission was again introduced in the Common Pleas Court before the jury. In that connection I will digress to say that that testimony is not really before the court, inasmuch as it is attached physically to the bill of exceptions, but not allowed as a part of the record by the trial judge. See **Konigsberg v Lamports Company, 116 Oh St page 640,** and cases cited therein. Now, as we have remarked before, in the trial of a case on appeal in the Common Pleas Court before a jury, while the evidence is limited to that introduced before the Commission, yet it should be produced in the regular way and read to the jury so that objections and exceptions can be taken to the testimony, and then a bill of exceptions should be made embodying all the testimony and submitted to the trial court to sign it like any other bill of exceptions. Nor will it do to say that a person is poor and cannot afford a stenographer. It was not necessary to have had a stenographer because all the testimony was there in writing and all that had to be done was to copy out that portion which had been submitted to the court and jury, and it could have been written out in long hand without having a stenographer take it down. We speak of this because we would like to have the practice established that in the trial of cases before the Common Pleas Court on appeal from the Industrial Commission's rejection of a claim, there must be a bill of exceptions embodying the testimony and presented in the ordinary way.

At the conclusion of all the testimony and arguments of counsel, the jury found for the Industrial Commission against the plaintiff in error who was plaintiff below and, as already stated, it is to reverse that judgment that error is prosecuted here.

Now apparently the only defense really that the Industrial Commission had was that this man was not an employee of the company when he had been injured. The only evidence that was introduced in this record to prove that he was such an employee was the testimony of Ben Krasky who was the driver of the truck, and he said he employed Colbert, or he had the authority to pick up anybody to help him when his load was heavy. Well, it is a principle which is well known as one of the elementary principles of the law of agency, that one cannot prove agency by the declaration of the agent. There is no other testimony in this record other than the statement of the driver of this truck that this man ever was employed by the insured company.

The accident happened within an hour or so after Colbert was picked up as a helper, and before the assured company had or could have had any knowledge of such employment. Therefore the question of estoppel or ratification does not arise in the case; and outside the testimony of the driver of this truck, there is no evidence of any employment whatever, even though it were not a casual employment.

Now Krasky says that the foreman authorized him. That does not help the matter any, because it is still the declaration of the agent to prove his authority, but taking the testimony of the truck driver himself he states, as the record shows, that he delivered his goods upon a tonnage basis, and that he might get anybody he wanted to help him unload, but in the event he did so, the man was working for him and he either paid him his wages direct or had it deducted from his voucher. Now this is

not contradicted. It is the testimony of the truck driver himself and it clearly shows, even though he had authority to hire somebody to help him unload, that the man hired was working for the truck driver. The truck driver was an independent contractor in a measure because he delivered upon a tonnage basis, and if the load was handled by himself, he would get all the pay and the amount of pay depended upon the tonnage of the truck's load; and if he hired someone else to help him, it simply came out of his part of the compensation for delivering that load of goods, and he says so without any equivocation. Consequently there is no evidence in this record to show that this man was ever the employee of the assured company. On the contrary, there is positive evidence by the truck driver himself, the plaintiff's witness, to the effect that he was not an employee; and outside of this, the definition of employee under the code §1465-61, paragraph 2, GC, excludes a casual employee from the benefits of the Act; and so for these two reasons, to-wit: first, that the decedent was not employed, and second, because he was nothing more than a casual helper for which compensation is not allowed, the jury could have done nothing other than they did do.

There being no error in this record, we can do no other than to affirm the judgment. It will, therefore, be affirmed.

LEVINE, PJ, and WEYGANDT, J, concur.