For full opinion see 2 OO 246; 49 Oh Ap 103.

## SANDLIN v HAMILTON AUTO SALES CO

Ohio Common Pleas Court, Butler Co

No 42324.   Decided Sept 15, 1933

Harry S. Wonnell, Hamilton, and Mark T. Brown, Hamilton, for plaintiff.

Williams, Sohngen, Fitton & Pierce, Hamilton, for defendant.

## OPINION

By BOYD, J.

The first question to be determined is whether or not the defendant is liable for the acts of Mrs. Shaffer when the servant of the defendant without authority to do so, delegated the duty to her to demonstrate this car to a prospective purchaser out of his presence and without his assistance in any manner.

The case of **The Little Miami Railroad Company v Wetmore, 19 Oh St 110,** first syllabus is as follows:

"A master is not responsible for the wrongful acts of his servant, unless that act be done in execution of the authority, express or implied, given by the master. Beyond the scope of his employment, the servant is as much a stranger to his master as any third person, and the act of the servant not done in the execution of the service for which he was engaged cannot be regarded as the act of the master."

See **Waldon v Railroad Co., 106 Oh St** page 376.

**Cowley v Bolander, 120 Oh St** page 553.

Other authorities in harmony with the Ohio cases are as follows:

Blumenfeld v Meyer-Schmid Grocer Co., 230 SW 132.

Weatherman v Handy, 198 SW 459.

Seaboyer v Davis, 138 NE 538.

Walker v Stephens, 127 So. 668.

**39 C. J. page 1272, §1459.**

18 R.C.L. 785, §245.

Our Supreme Court in the case of **Elliott v Harding, 107 Oh St at page 508,** say that the owner of an automobile may be held liable under the doctrine of respondeat superior, also in entrusting the automobile to another person unskilled in its use.

So, the authorities cited above compels the opinion that there is no liability in this case by reason of the negligence of a stranger to the owner of the automobile.

The remaining question is how could the defective condition of the automobile become a proximate cause of the injuries of which the plaintiff complains. It is well settled that there can be no liability unless the negligence of the defendant is shown to be the proximate cause, that is the direct and not the remote cause of the injury, and that in the absence of proof to that effect there can be no recovery. See— **Strobel, Admr v The City of Cincinnati, 32 Oh Ap 334, syllabus six.**

It is the opinion of the court that the proximate cause of the injury in this case was the operation of the automobile by the wife of the defendant's agent and that her operation of that automobile produced the injury and certainly without her operation of that automobile the injury would not have occurred.

The Ohio rule is sustained in—

22 R.C.L. page 133.

Blashfield's Encyclopedia on Automobile Law, Vol. 2 at page 1391.

Missouri Pacific R. R. v Columbia, 69 Pac. 338.

and numerous other cases similar to **Orton v Pennsylvania Railroad Co., 4 Ohio Law Abstract 301—7 Fed. 2nd, 36—**

Beatty v Firestone Tire & Rubber Co., 106 Atl. page 303.

These authorities are so explicit, in the opinion of the court, as to remove all doubt that the court had as to what was the

proximate cause of the plaintiff's serious injuries and damages.

For these reasons the motion for new trial will be overruled and judgment entered for the defendant.