200 So. 110
**BIRMINGHAM ICE & COLD STORAGE CO.**
**v. McFARLING.**
6 Div. 674.

Supreme Court of Alabama.

Jan. 23, 1941.

480

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellant.

Erle Pettus, of Birmingham, for appellee.

GARDNER, Chief Justice.

Plaintiff, a minor sixteen years of age, received injuries while riding on defendant's delivery truck, and recovered a judgment, based upon wanton counts, from which judgment defendant prosecutes this appeal.

The complaint is rested upon the theory that one Bridges, in defendant's employ as driver of its truck and acting in the line and scope of his authority, wilfully or wantonly overturned the truck, resulting in injury

to the plaintiff who was in the truck as an invitee or licensee, having been requested by Bridges to ride thereon.

Plaintiff, with another young man, was on the driver's seat with Bridges and still another on the running board. It was July fourth and all three of the boys appear to have taken some part in delivery of the ice. One of them, Pope, was a regular helper, and the others "picked up" that morning. The truck was being backed up a narrow private driveway, Bridges doing the driving, when it rolled down a rather steep embankment and turned over several times. There was evidence tending to show one of the boys called out a warning to Bridges of the impending peril and that he continued to back the truck notwithstanding such warning and in disregard thereof.

█ The jury was authorized to find also that Bridges was under the influence of intoxicants to some extent and perhaps just enough to make him more stubborn and more indifferent to consequences and reckless in his conduct and that the accident was a result of such conduct. There was evidence to the contrary and as tending, at best, to show simple negligence. But these conflicts were for the jury's determination, and we think plaintiff's proof justified the submission of the wanton counts to their consideration. Montgomery Street Rwy. Co. v. Lewis, 148 Ala. 134, 41 So. 736; Mobile, etc., R. R. Co. v. Smith, 153 Ala. 127, 45 So. 57, 127 Am.St.Rep. 22.

As we study the argument of defendant, the question considered of prime importance on this appeal relates to that of the status of the plaintiff, defendant insisting he was not an invitee as alleged, but was in fact an employee of defendant and as a consequence is to be remitted to our Workmen's Compensation Statute, Code 1923, § 7534 et seq., for any compensation for injuries received. Much stress is laid upon W. P. Brown & Sons Lumber Co. v. Crossley, 230 Ala. 403, 161 So. 536 and Tuscaloosa Veneer Co. v. Martin, 233 Ala. 567, 172 So. 608. To these authorities may be added Walker v. Stephens, 221 Ala. 18, 127 So. 668; Harris v. Bell, 234 Ala. 679, 176 So. 469; Emison v. Wylam Ice Cream Co., 215 Ala. 504, 111 So. 216, as having some bearing upon this question.

In the Crossley and Martin cases, supra, the action was under the Workmen's Compensation Statute and the holding was that there was proof sufficient to justify the conclusion the plaintiffs in these cases were employees. But here defendant insists that under the undisputed proof the evidence discloses plaintiff was an employee and the question was not one for the jury's determination.

True there is evidence tending to sustain the contention that plaintiff on this occasion occupied the status of an employee. But it did not stand alone. There was other evidence justifying a reasonable inference to the contrary. Bridges was employed on both a salary and commission basis, receiving a percentage on ice sold and delivered over and above a certain tonnage. His personal interest in the amount sold is, therefore, apparent.

His regular helper was one Pope who was with him on this occasion. He "picked up" two other boys, plaintiff being one of them. There was proof tending to show plaintiff had worked two months on the truck on holidays only and that Bridges had paid him fifty cents a day. But plaintiff denies this and states, in one place, that he did not work for Bridges prior to this date "except two days". The fifty cents paid him was by Bridges.

Plaintiff's name never appeared on defendant's pay roll, and defendant's assistant manager testified that if any one had been employed by the company their name would have to be on the pay roll. As to the drivers getting extra help he says: "When they needed extra help they usually got permission from the superintendent to pick up extra help. It has happened that they get extra help and paid them out of his own pocket, but we discourage it".

Defendant lays stress upon the use by the witness of the word "discourage" rather than the word "prohibited". But we think this places too great a restriction upon the jury in their interpretation of the use of the word "discourage" in this particular connection where the relation of master and servant was involved. So far as this particular trip is concerned there is no direct evidence of any agreement by Bridges or any one else to pay plaintiff any compensation. It would have to be implied from previous experience as outlined above. It may well be inferred from the proof that defendant had never known that plaintiff had at any time assisted Bridges in delivery of ice or other capacity of work.

It must be kept in mind that defendant's insistence rests upon the theory that the servant Bridges, driver of the truck, had implied authority to employ plaintiff to as-

sist him on this occasion, upon the principle that the proper conduct of defendant's business in the contemplated manner reasonably required his employment.

Numerous authorities are found cited in the note to Section 180, Vol. 2, American Jurisprudence, page 145 and they are in accord with our Crossley and Martin cases hereinbefore noted.

The contemplation of the parties in reference to employment of assistants has reference, of course, to the matter of reasonable requirement for such assistants in the proper conduct of the master's business. It, of course, was not in contemplation that an agent may so employ assistants merely for his own convenience and pleasure and to relieve him of work which he himself is supposed to perform. And in this instance we think the jury might well infer no reasonable necessity for employment of three assistants, but that the intoxicated condition of Bridges bore some relation to the matter.

Reference has previously been made to Bridges' interest in earning a commission on extra tonnage. Speaking to this feature, the Ohio Court of Appeal in Colbert v. Industrial Commission, 42 Ohio App. 544, 182 N.E. 330, 331, said: "It is the testimony of the truck driver himself, and it clearly shows, even though he had authority to hire somebody to help him unload, the man hired was working for the truck driver. The truck driver was an independent contractor in a measure, because he delivered upon a tonnage basis, and, if the load was handled by himself, he would get all the pay, and the amount of pay depended upon the tonnage of the truck's load; and, if he hired some one else to help him, it simply came out of his part of the compensation for delivering that load, of goods, and he himself says so without any equivocation. Consequently there is no evidence in this record to show that this man was ever the employee of the assured company."

So here the jury might reasonably infer plaintiff was invited by Bridges to go along as a personal convenience to him and as an aid to him on his commission basis, and was in no manner acting for the company. But we forego further discussion of the proof.

Upon due consideration we are persuaded a jury question was presented and the affirmative charge properly refused. The charge refused to defendant (13) upon which stress is made in brief, omits all reference to any question of reasonable requirement in the matter of employment of assistants, and was refused without error.

The foregoing discussion sufficiently discloses our view upon that question and no further statement is required. The question as to plaintiff's status, as well as any matter of wanton conduct were properly presented to the jury. The case appears to have been fairly tried and we find no justification for any interference here of the action of the trial court in denying a new trial.

We have discussed the questions deemed sufficiently important to call for separate treatment here and find no error to reverse. Let the judgment stand affirmed.

Affirmed.

BOULDIN, KNIGHT, and LIVINGSTON, JJ., concur.