# Tennessee Coal, Iron & Railroad Co. v. Stevens.

*Action of Assumpsit to Recover for Work and Labor Done.*

1. *General affirmative charge; when properly refused.*—The general affirmative charge should not be given when there is any conflict in the evidence as to any material point involved in the case, or where any material fact is to be inferred from the evidence, and is not a legal presumption from it.

2. *Same; recoupment.*—Where the defendant in a cause files a plea of recoupment, and the evidence relative to the facts set up in said plea is conflicting, a charge which instructs the jury that if they "believe the evidence they will find for defendant on his plea of recoupment," is properly refused; such instruction being upon the effect of the evidence and invasive of the province of the jury.

3. *New trial; when properly refused; appeals.*—When the evidence adduced on the trial of a case is conflicting, the trial court's refusal to grant a new trial on the ground that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumption of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

The appellee, William S. Stevens, brought the present suit against the appellant, the Tennessee Coal, Iron & Railroad Company, to recover an amount alleged to be due him from the defendant for work and labor done. The defendant pleaded the general issue, payment and by a third plea, set up the fact that by reason of the negligence of the plaintiff, while engaged in the service of the defendant, an engine which was being operated by the plaintiff collided with another engine being used in the defendant's yard, damaging said engine, and the defendant in said plea, offered to recoup such damages against the claim of the plaintiff, and prayed judgment in his favor.

There was evidence introduced by the plaintiff which tended to show that the injury to the engine set forth in defendant's third plea was not imputable to him; while

the testimony of all of the witnesses for the defendant tended to show that the injury to the defendant's engine was directly attributable to the engine operated by plaintiff.

Upon the introduction of all the evidence, the defendant requested the court to give the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they will find for the defendant on its plea of recoupment." (2.) "If the jury believe the evidence, they will find that the negligence of the plaintiff proximately contributed to the damage caused by the collision."

There were verdict and judgment for plaintiff. The defendant then moved the court to set aside the verdict and judgment, and grant it a new trial, upon the grounds that the verdict was contrary to the evidence and contrary to the law. This motion was overruled, and the defendant duly excepted. The defendant appeals, and assigns as error the refusal of the court to give the charges asked by it, and the overruling of its motion for a new trial.

WALKER PERCY, for appellant.

TROTTER & McADORY, *contra.*—1. The charges requested by the defendant were properly refused.—*Hall v. Posey*, 79 Ala. 84; *Sanders v. Edmonds*, 98 Ala. 157.

2. The court properly overruled the motion for a new trial.—*Cobb v. Malone*, 92 Ala. 630; *Morris v. West*, 101 Ala. 534; *Kelly v. Eyster*, 102 Ala. 325; *Lee v. DeBardelaben C. & I. Co.*, 102 Ala. 629.

BRICKELL, C. J.—The instructions to the jury requested by the appellant, in form and essence were instructions upon the effect of the evidence—the instruction known in our practice as the general affirmative charge. It is the settled rule, the instruction cannot be given where there is any conflict in the evidence, as to any material point involved in the determination of the cause; nor where any material fact is to be inferred from the evidence, and is not a legal presumption from it. Without reviewing the evidence, it is enough to say, if the testimony of the plaintiff was credited, negli-

[Tennessee Coal, Iron & Railroad Co. v. Stevens.]

gence productive of the injury to the engines was not imputable to him. The negligence was an affirmative, defensive fact, and the burden of proving it rested on the defendant. If the instructions had been given, the province of the jury would have been invaded, and the court would have tried and pronounced judgment on the facts; would have pronounced that the defendant had satisfied the burden of proof.

In *Cobb v. Malone*, 92 Ala. 630, the first case arising under the statute, (Pamph. Acts, 1890-91, p. 779), conferring on this court jurisdiction in civil cases to revise the rulings of the primary courts in the grant or refusal of motions for a new trial, it was said: "When there is no evidence to support the verdict, it is clearly the duty of the court to grant a new trial; no court, possessed of a proper sense of justice, and a due regard for a fair and impartial administration of the law, can afford to allow such a verdict to stand. But, when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court, as to the weight of the testimony, or because it is against the mere preponderance of the evidence." And it was further said: "That the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." There has been repeated enunciation and reaffirmance of these views. Cases will occur which approach the border line—in which the court may feel the conviction that the verdict is not supported by the preponderance of the evidence—and yet the conviction of wrong and injustice may not be so clear as to justify interference with the peculiar province of the jury. As we have said there was conflict in the evidence—the presiding judge refused to grant a new trial, strengthening the presumption in favor of the correctness of the verdict—and we know of no safe precedent on which his rulings can be reversed.

Affirmed.