(85 South. 703)

BURKE v. CURTIS AEROPLANE MOTOR CO. (3 Div. 451.)

(Supreme Court of Alabama. June 10, 1920.)

1. Corporations ⬦518(2)—Allegation of defendant's incorporation, if not in issue, need not be proved.

In a personal injury case against a corporation, where the pleas were the general issue and contributory negligence, plaintiff did not have the burden of proving defendant's incorporation, for where the complaint and such pleas tender the only issues triable there is no obligation on the plaintiff to prove the corporate character of the defendant, even though alleged.

2. Appeal and error ⬦854(5)—General charge for appellee, entitled thereto, not error though based on erroneous reason.

Appellant can take nothing in consequence of an erroneous conclusion inducing the trial court to give the general affirmative instruction for appellee, if appellee was otherwise entitled to such instruction.

3. Master and servant ⬦139—Failure of truck driver to stop where employé desired to alight not proximate cause of employé's injury.

Where plaintiff employé, being transported in employer's truck, took a position outside the body of the truck preparatory to alighting at a certain street, from which position he was thrown by a sudden jerking of the truck, this was the means of his injury, and any failure of the truck driver to stop where plaintiff desired to alight had no relation to the proximate cause of his injury, notwithstanding the observed approach of the truck to the place he desired to alight induced him to assume such position.

4. Master and servant ⬦136—Sudden jerking of truck carrying employé not negligence if truck driver did not know it would endanger employé.

Where employer's truck was carrying plaintiff employé, who was injured by being thrown by a sudden jerking of the truck when he had taken a position outside the body of the truck preparatory to alighting, the driver was not negligent as respects causing such jerking by letting in the clutch, unless he knew that plaintiff was then in such a posture that a sudden jerk would endanger his safety.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by D. T. Burke against the Curtis Aeroplane Motor Company for damages for personal injuries. Judgment for the defendant, and the plaintiff appeals. Affirmed.

Mark D. Brainard, of Montgomery, for appellant.

The court erred in directing a verdict for the defendant. 95 Ala. 404, 11 South. 341; 107 Ala. 272, 18 South. 37; section 5331, Code 1907.

Ball & Beckwith and Walton H. Hill, all of Montgomery, for appellee.

Counsel, after a discussion of the evidence, insist that the court properly directed the verdict; but they cite no authority in support of their contention.

McCLELLAN, J. The appellant sued the appellee for damages for personal injuries sustained by him. The appellant was an employé of the appellee and was, when injured, being transported by truck from Taylor Field to the city of Montgomery. The truck was operated by the appellee's employé. It was carrying about 26 men, employés of the appellee. It was customary for the driver to stop the truck along the streets of Montgomery to permit the men to alight at such places as they notified the driver they desired to get off. The truck had a body with sides, on which rested planks for seats. Taking the appellant's theory of the circumstanc-

es attending his injury, and ignoring for the occasion evidence contradicting material features of it, he notified the driver to let him off at the corner of McDonough street on Madison avenue; the truck being then "coasting" down Madison toward the Mc-Donough street intersection. Preparatory to alighting at that intersection, appellant left his seat and supported himself by putting his feet outside the body of the truck on a brace. He was in this situation when the driver let in the "clutch," in consequence of which the moving truck was given such a sudden jerk as to throw appellant from his footing on the outside of the body of the truck and inflicted injuries of which he complains.

[1-4] It appears that the court erroneously supposed that the plaintiff had the burden of proving the incorporation of the defendant. The pleas were the general issue and of contributory negligence. Where the complaint and such pleas tender the only issues triable, there is no obligation on the plaintiff to prove the corporate character of the defendant, even though that is the allegation. Sou. Ry. Co. v. Hundley, 151 Ala. 378, 386, 387, 44 South. 195. But of this error—an erroneous conclusion that appears to have induced the court to give the general affirmative instruction for the defendant—the appellant can take nothing in consequence, if the defendant was otherwise entitled to the instruction given at its request. Bienville Water Co. v. Mobile, 125 Ala. 178, 184, 27 South. 781; Donahoo Co. v. Durick, 193 Ala. 456, 466, 69 South. 545, and cases there cited. A careful consideration of the whole evidence and all its tendencies requires the conclusion that there is no evidence of negligence on the part of the defendant's driver that proximately contributed to plaintiff's injury. The plaintiff's injury was alone legally attributable (to take his view of the evidence) to the sudden jerking of the moving truck while he was situated, as has been stated, outside the body of the truck. This was the means of his injury. The failure, if so, of the driver to stop the truck where plaintiff desired to alight, had no relation to the proximate cause of his injury, and so, notwithstanding the observed approach of the truck to the place he desired to alight induced him to assume the posture he was in when thrown from his footing outside the body of the truck. The defendant was not shown to be a common carrier. In order for the driver to have been negligent in the circumstances shown by this record, he must have known that plaintiff was then in such a posture that a sudden jerk of the truck would probably endanger his safety. There is no evidence or inference from evidence that the driver knew that plaintiff was in the situation stated. The plaintiff made out no case of negligence under his complaint, and was hence not entitled to recover in any event; and defendant was due the affirmative instruction given at its request, though for an erroneous reason.

The judgment is affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.