(92 South. 16)

### BROWN v. STATE. (8 Div. 735.)

(Court of Appeals of Alabama. June 21, 1921. Rehearing Granted Oct. 4, 1921.)

**1. Indictment and information ⊚⇒110(31)—Indictment in statutory language charging manufacture of prohibited liquors held sufficient.**

Indictment charging the manufacture of prohibited liquors in the language of the statute *held* sufficient as against contention that it did not charge that any part of the liquor manufactured contained alcohol.

**2. Criminal law ⊚⇒815(1)—Predicating acquittal upon part of evidence bad.**

A charge predicating acquittal upon a part of the evidence *held* bad.

**3. Criminal law ⊚⇒798(1)—Charge requiring acquittal based upon reasonable doubt in mind of one juror is bad.**

A charge requiring an acquittal based upon a reasonable doubt in the mind of one juror is bad.

**4. Criminal law ⊚⇒364(4)—In prosecution for unlawful manufacture of liquor, testimony that defendant was drinking when arrested held admissible as res gestæ.**

In prosecution for the manufacture of prohibited liquors, testimony that defendant was drinking at the time he was arrested at or near the still where the liquor was alleged to have been manufactured *held* admissible as a part of the res gestæ.

**5. Criminal law ⊚⇒1169(9)—Error in admission of testimony of expert without foundation cured by subsequent proof of facts necessary to lay a proper predicate.**

In prosecution for the manufacture of prohibited liquors, admission of testimony as to what malt was used for, if erroneous for failure to show the witness' qualification as an expert, was cured by subsequent proof of facts necessary to lay a proper predicate.

**6. Witnesses ⊚⇒246(1)—Question of court to witness qualifying as an expert as to whether malt was used in making whisky held proper.**

In prosecution for the manufacture of prohibited liquors in which a witness, while qualifying as an expert, testified that in making whisky the malt is sprouted and then ground, question of court as to whether "this malt or any part of it" was "used in making whisky" *held* proper to connect the malted corn with the manufacture of the whisky.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Dode Brown was convicted of violating the prohibition law, and he appealed. Reversed and remanded.

Orr & Killcrease, of Albertville, for appellant.

The indictment is insufficient and will not support a conviction. Gen. Acts 1919, p. 16, § 15. Counsel discuss the objections to evi-dence, and in support thereof cite the follow-ing authorities: 179 Ala. 339, 60 South. 818; Ann. Cas. 1915C, 888; 194 Ala. 273, 69 South. 927; 163 Ala. 255, 50 South. 1012; 2 Ala. App. 524, 57 South. 52.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] It is first insisted that the indictment does not charge that any part of the liquor manufactured contained alcohol. The insistence is hypercritical. The indictment charges the manufacture of prohibited liquors in the language of the statute, and is sufficient.

The next insistence is that there was not sufficient evidence to connect the defendant with the manufacture of this particular liquor. We have read the record and find no difficulty in reaching the conclusion that the state's evidence was sufficient on which to base a verdict of conviction.

[2] Charge A predicates an acquittal upon a part of the evidence, and for that reason is bad.

Charges B and C were covered by given charge 1.

[3] Charge D requires an acquittal based upon a reasonable doubt in the mind of one juror, and for that reason is bad.

[4] The motion of the defendant to exclude the answer of the witness Hatley, that the defendant was drinking, at the time he was arrested at or near the still, was properly overruled. The answer was material and, being at the time and place where the liquor was alleged to have been manufactured, was a part of the res gestæ.

[5] If it was error to have admitted the testimony of the witness Amos, as to what malt was used for, because he had not qualified as an expert, the error was immediately cured by making proof of the facts necessary to lay a proper predicate.

[6] In qualifying as an expert, the witness Amos explained that in making whisky the corn is sprouted and then ground. The court then asked: "Was this malt or any part of it used in making whisky?" This was proper in connecting the malted corn with the manufacture of whisky, otherwise there would have been no connection between the malting of the corn and the distilling of the whisky.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

Upon a more careful consideration of this case, we have come to the conclusion that the trial court erred in permitting the witness

Amos to testify, over the objection and exception of the defendant that a part of the malt found in the sack in defendant's overcoat pocket had been used in manufacturing liquor. A reading of the entire testimony of this witness discloses beyond question that he did not know, and could not have known of his own knowledge, the fact to which he was being called upon to testify, and therefore, at the time the objection was interposed and motion made to exclude, his testimony could only have been based upon hearsay and therefore was his conclusion.

The application is granted. The judgment is reversed, and the cause is remanded.

Reversed and remanded.