(127 So. 799)

## RAY v. STATE.

### 6 Div. 468.

Court of Appeals of Alabama.

Nov. 12, 1929.

Rehearing Denied Jan. 7, 1930.

Fort, Beddow & Ray, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

There are but three propositions presented in appellant's brief and insisted upon as reversible error. They are clearly presented, and these propositions are responded to in the following opinion. We take occasion here to commend appellant's counsel for the clear and concise statements of the proposition to be decided and the law as applicable thereto.

The indictment is in these words:

"The Grand Jury of said county charge that, before the finding of this indictment, Cooper Ray, subsequent to November 6, 1927, did unlawfully transport five gallons or more of intoxicating liquors or beverages, the sale, possession or transportation of which is prohibited by law, against the peace and dignity of the State of Alabama."

This indictment might have been subject to an appropriate demurrer, but, as no such demurrer was filed, we do not pass upon that question. The only question here is, Will the indictment support the judgment of conviction on a charge of transporting prohibited liquors in *quantities* of five gallons or more? The omission of the word *quantities* from the indictment does not render the indictment defective in such sense as to avoid the judgment. While the defect is one of substance, involving an element of the offense, there is no such uncertainty as to its meaning as to render it void. The language of the indictment as it appears in the record is not comprehensive enough to cover an act not denounced as a crime by the statute. The only evidence relevant to the transportation was as to one act and one quantity. If the quantity had been less than five gallons, the defendant would have been entitled to an acquittal, and the admission or evidence as to other acts or a series of acts to make up an aggregate of five gallons would have been inadmissible.

When the officers came upon the car and arrested the defendant in the car in which was the prohibited liquor, the witness for the state was permitted to testify that defendant said: "Well, boys, you've got me." Objection and exception was duly made and reserved. It is insisted that this was error, because it was an inculpatory admission in the nature of a confession, and no predicate was laid showing its voluntary nature. A confession is as to a past act; the admission here objected to was of a present fact relating to the possession of the liquor of which defendant was then and there in possession and in the act of transporting. The admission was so closely connected as to be a part of the res gestæ.

Montgomery v. State, 17 Ala. App. 469, 86 So. 132; Cole v. State, 16 Ala. App. 55, 75 So. 261; Allen v. State, 60 Ala. 19; 1 Mayfield, Dig. 773 (1).

The act approved September 6, 1927, Acts 1927, p. 704, is not void as being in violation of section 45 of the Constitution of 1901. State v. Burchfield, 218 Ala. 8, 117 So. 483; Frazier v. State (1 Div. 861), post, p. 628, 123 So. 925.

Other exceptions are not insisted upon, but we have reviewed them, and find them free from prejudicial error.

The judgment of conviction is affirmed.

Affirmed.