(134 So. 870)

## NEWELL CONTRACTING CO. v. BERRY.

8 Div. 233.

Supreme Court of Alabama.

May 21, 1931.

See, also, post, p. 111, 134 So. 868.

White E. Gibson, of Birmingham, and W. H. Mitchell, of Florence, for appellant.

Bradshaw & Barnett, of Florence, for appellee.

FOSTER, J.

The cause of action in this case is predicated upon an alleged negligent failure of defendant to display lights on a truck parked by it on a highway in violation of the highway regulations of Alabama. Gen. Acts 1927, p. 387, § 97, Michie's Code, § 1397(99).

It is contended that the complaint is defective, and subject to demurrer on various grounds. Our attention is called to the fact that such regulations only apply to highways, and it is claimed that the complaint does not sufficiently show that the occurrence was on a highway. It alleges that it was "on the Jackson Highway in Lauderdale County, Alabama, about four miles north of Florence, Alabama." It does therefore expressly so state. The designation of it as the "Jackson" highway merely makes it more specific. The plaintiff was doubtless, mindful of his duty to allege with sufficient certainty the place of the injury, so as to enable defendant to prepare his defense. L. & N. R. R. Co. v. Whitley, 213 Ala. 525, 105 So. 661.

It is also insisted that the complaint does not sufficiently show a violation of the regulation referred to, because it does not allege that at the time there was otherwise no sufficient light to reveal a person within a distance of two hundred feet upon such a highway. This claim does not, we think, properly construe the regulation. The presence of such other sufficient light is by it an excuse for the failure to display lights on the parked car, only when local authorities have so provided by ordinance.

Appellant claims that, notwithstanding such specific language, the law should not be construed to require a useless and unreasonable regulation, and that, when the twilight or dawn may sufficiently furnish light to observe the parked car, it would be unreasonable to require such lights to be displayed.

Our view of this contention is that it is more properly involved in the question of whether the violation of the regulation was a proximate cause of the accident, rather than whether it was in fact violated, for the rule is that, though the violation of such a regulation is negligence per se, such negligence cannot be the basis of a recovery, unless it was a proximate cause of the accident. Newman v. Lee (Ala. Sup.) 133 So. 10; [1] Cooper v. Agee (Ala. Sup.) 132 So. 173; [2] Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471; Morrison v. Clark, 196 Ala. 670, 72 So. 305. But the complaint alleges that it was a proximate cause, and that the requirements of the regulation were negligently violated.

The truck with which the car collided was shown by the evidence to have been standing on the roadside partly in the traveled portion and partly without it. It was unattended. There is no evidence showing the occasion of it being thus left. The evidence was conflicting as to whether lights were displayed, but no evidence that a red light was displayed on its rear. In this connection, "Parking with reference to motor vehicles is a term used as meaning the permitting of such vehicles to remain standing on a public highway or street; the voluntary act of leaving a vehicle on the highway when not in use. The term is well-known and understood, and to 'park' means something more than a mere temporary or momentary stoppage on the road for a necessary purpose." 42 Corpus Juris, 613, § 13; 1 Berry on Automobiles, pp. 64, 65; 3, 4 Huddy, Auto. Law, p. 104. If the truck was allowed to remain in the road for some temporary purpose, or due to a breakdown, without the opportunity to remove it, and it was not a voluntary act of the one in charge of it, or that it was not done by one with due authority, the facts are presumed to be peculiarly known to defendant, and it should have produced them, otherwise the presumption of such matters is indulged against defendant.

We have in many recent cases affirmed that proof that the car which caused the damage was owned by defendant raises an administrative presumption that its driver was defendant's servant, etc., and acting within his authority. Walker v. Stephens, 221 Ala. 18, 127 So. 668; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897; Toranto v.

---

[1] 222 Ala. 499.  [2] 222 Ala. 334.

Hattaway, 219 Ala. 520, 122 So. 816, and many others.

The same presumption for the same reason should apply when a car is found unattended in apparent violation of traffic regulations. Some person who had the operation of it must have been responsible for such condition. Knowledge of the circumstances which brought it about is presumed to be peculiarly possessed by defendant. Defendant in this case did not undertake to excuse or justify the manner in which it was left, nor the occasion for doing so, nor to show an absence of its authority.

The rule that the negligence of the operator is not imputable to a guest riding with him applies to a wife when her husband is driving. 1 Berry on Auto. § 626, p. 502. See our cases of Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87; Bradley v. Ashworth, 211 Ala. 395, 100 So. 663; Tullis v. Blue, 216 Ala. 577, 114 So. 185.

It is not, we think, evidence that they were engaged in a joint enterprise because they were husband and wife on a "honeymoon" trip (1 Berry on Auto. p. 516; 5, 6 Huddy, Auto. Law, p. 300; 2 Blashfield, Cyc. of Auto. Law, p. 1152, § 33); nor on a trip moving to another city (Brubaker v. Iowa County, 174 Wis. 574, 183 N. W. 690, 18 A. L. R. 303); or giving their children a ride (Fuller v. Mills, 36 Ga. App. 357, 136 S. E. 807; Bowley v. Duca, 80 N. H. 584, 120 A. 74); or were going to a dance (Pettitt v. Kansas City [Mo. App.] 267 S. W. 954).

This naturally follows from that feature of the definition of a joint enterprise which is to the effect that the parties must have an equal right to direct and govern the movements and conduct of each other in respect to the furtherance of the undertaking. Crescent Motor Co. v. Stone, 211 Ala. 516, 101 So. 49; 2 Blashfield, Cyc. of Auto Law, p. 1152, § 33; Whiddon v. Malone, 220 Ala. 220, 124 So. 516; 48 A. L. R. 1079, note.

It was not shown that the automobile in which they were riding was owned by the wife or that she had any right otherwise to direct or govern its movements.

While the court instructed the jury that they were engaged in a joint enterprise, and left the question of contributory negligence to the jury, which found in favor of plaintiff, and though we do not agree with this theory, defendant could not be prejudiced, even though the evidence without conflict may have shown contributory negligence by plaintiff's husband, a question we need not here decide because it does not show without conflicting inference that plaintiff was herself negligent, nor responsible for that of her husband.

We think that the principles which we have discussed control all of appellant's exceptions, and that they do not show prejudicial error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

