**LEEPER CLEANING & DYEING CO. v. McKINNEY.**

6 Div. 645.

Supreme Court of Alabama.
May 9, 1935.

Rehearing Denied June 6, 1935.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

530

Taylor & Higgins, of Birmingham, for appellee.

ANDERSON, Chief Justice.

This case was submitted to the jury on amended count A alone, and there was a verdict and judgment for the plaintiff.

Count A charges that the defendant's agent or servant, acting within the line and scope of his authority, parked a motor vehicle on a portion or part of a highway in the city of Birmingham in violation of a law or ordinance of said city prohibiting parking of such vehicles at said place. It also charges that the car in which plaintiff was riding ran into or collided therewith, whereby the plaintiff was injured, and that said injuries were proximately caused by the unlawful parking of said defendant's motor vehicle at said point. The count was not subject to the defendant's demurrer. Newell Contracting Co. v. Berry, 223 Ala. 109, 134 So. 870; Id., 223 Ala. 111, 134 So. 868. If the plaintiff's driver negligently permitted the plaintiff's car to collide with the defendant's unlawfully parked truck, this would be defensive matter.

It was a question for the jury as to whether or not the improper parking of the defendant's truck was the proximate cause, of the plaintiff's injury or whether or not her driver was guilty of proximate contributory negligence in permitting her car to collide with said truck, taking into consideration the frozen and slippery condition of the highway and all surrounding circumstances. The numerous authorities cited and quoted in brief of appellant's counsel do not necessarily apply to the facts of this case.

The evidence of the plaintiff as to the nature and extent of her injuries, that she suffered pain thereafter as she had not suffered before, was not objectionable. St. Louis & S. F. R. R. Co. v. Savage, 163 Ala. 55, 50 So. 113. So much of her evidence as related to neuritis was withdrawn by plaintiff's counsel and excluded by the court before the cause was finally submitted to the jury.

The trial court did not err in refusing charge 4, embodied in the fifteenth assignment of error. It could possibly have been given without error, but the refusal of same was free from reversible error; as count 3, the wanton count, was considered as withdrawn, the record shows that the court submitted the case to the jury on amended count A alone.

There was no error in permitting the plaintiff to testify that prior to the accident the driver handled the car all right. It tended to negative contributory negligence on his part in colliding with defendant's truck. The evidence was competent and relevant, and there was no objection that witness was not an expert, even if she had to be, which we need not decide.

There was no error in sustaining the objection embodied in assignment of error 22. It called for the opinion as to results, which was a question for the jury to decide.

The trial court did not err in overruling the defendant's motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.