185 So. 913

## FISHER v. STATE.

### 6 Div. 294.

Court of Appeals of Alabama.
Jan. 17, 1939.

A. A. Carmichael, Atty. Gen., and B. W. Simmons, Asst. Atty. Gen., for the State.

Jas. G. Adams, of Birmingham, for appellant.

BRICKEN, Presiding Judge.

A conviction for the offense of violating the prohibition law, Code 1923, § 4615 et seq., may be had upon circumstantial evidence, if such evidence comes within the required rule. This rule briefly stated is to the effect, that circumstantial evidence to be sufficient to justify a jury in convicting upon it, the circumstances proved must not only be consistent with the hypothesis that the accused is guilty, but inconsistent with the hypothesis that he is innocent, and inconsistent with every

other rational hypothesis except that of his guilt.

■ Moreover, as stated, for circumstantial evidence to be sufficient to justify the court in submitting the case to the jury, it must be of such a character as to overcome the presumption of innocence which is evidentiary in its nature, and which attends the accused when upon trial charged with the commission of a criminal offense.

■■ In this case but one witness was examined by the State, and upon his testimony the conviction of the defendant was had. The testimony was circumstantial, and tended to show, that at 9:30 o'clock, on the night in question, he hurriedly entered the home of the defendant and found him alone in his living room. That he saw a wet place on the floor, also on a window sill and screen and that the wet places in his opinion were made by corn liquor. He stated, on cross-examination: "I did not get any liquor in his house. The liquor I found was against his fence, on the outside of his fence, across the vacant lot, or whatever it was there was another house. There was a walkway between the two houses. * * * I did not see the defendant put the liquor there, and did not see him exercise any control or dominion over it." At this juncture the defendant undertook to prove by this witness that he, the defendant, at that time told witness that the whiskey was not his. But the Solicitor objected to the question on the ground that it called for testimony that was self-serving. This objection was sustained and the defendant duly and legally reserved an exception. This ruling was error. The foregoing objection was not well taken, as the testimony sought, by the question, was of the res gestae, and therefore admissible. The rule in this connection is, that everything said or done at time and place defendant was arrested for unlawfully possessing prohibited liquor was admissible as res gestae. Dotson v. State, 24 Ala.App. 216, 135 So. 159, certiorari denied 223 Ala. 229, 135 So. 160; Ray v. State, 23 Ala.App. 357, 127 So. 799, certiorari denied, 221 Ala. 58, 127 So. 800; Wilkerson v. State, 24 Ala.App. 53, 129 So. 720; Horn v. State, 23 Ala.App. 273, 124 So. 125; Brown v. State, 18 Ala.App. 284, 92 So. 16.

This case originated in the Jefferson County Court of Misdemeanors, and from a conviction in said court an appeal was taken to the circuit court, and was there tried, by a jury, upon the original complaint from the inferior court. The record contains a photostatic copy of said complaint and endorsements thereon. It contains the endorsement made by the trial judge in the Inferior Court, to the effect that the defendant was found guilty in said court and that a fine of $50 had been assessed against him, etc. On the back of the same complaint there appears also the following printed endorsement: "Before filing this statement, deputy will give all information obtained on back hereof." Then follows in handwriting the following: "1—5-Gal. can corn whiskey; 1—1-Gal. can corn whiskey. Trap outside of fence, poured whiskey out window and on floor in house (it burned) 2608—6 Ave. No. June 26—9:30 P. M. Further executed by seizing 6 Gals. corn whiskey. Seizure $5.00 Taxed as sheriff's Fees. By Lamb & Allen. D. S." At the conclusion of the trial in the circuit court the defendant interposed an objection to the action of the court in permitting the jury to carry the original complaint with it to the jury room. In this connection the record shows the following occurred:

"Mr. Adams: We do not think that the complaint in this case should go out with the jury.

"The Court: It is bound to go out; part of the papers in the case.

"Mr. Adams: We object to sending the complaint out, and except, on the ground it does not afford the defendant a new trial. It shows on the back of the complaint that the defendant was found guilty in the court from which this appeal was taken, and fined $50.00 and costs; and the defendant excepts to the court sending the complaint out on the ground it does not afford the defendant a trial de novo, as it introduces evidence before the jury of what happened on a former trial and former conviction.

"The Court: The court takes the view that the complaint is part of the papers in the case, the same as an indictment containing two counts, and that the jury could not intelligently pass upon the charge unless they had the complaint to show what the defendant is charged with.

"Mr. Adams: I move the court that that notation be stricken from the back of the complaint.

"The Court: Overruled.

"Mr. Adams: We except."

■ It will be noted that the foregoing objection, argument and exception are directed to and confined only to the first endorsement above quoted, to wit: The defendant is found guilty and fined $50 (signed by the trial judge in the original court), and made no reference to the alleged objectionable endorsement, supra, made by the deputy sheriff. Our consideration, therefore, must necessarily be confined to the exception as it appears in the bill of exceptions.

■ In order to sustain the action of the court in this connection the Attorney General makes the argument (in brief) to-wit:

"The defendant at the trial, complained that the court committed error in permitting the jury to take with them the warrant and affidavit, because, on the back of the instrument, was some writing that indicated the defendant had been convicted and fined by the Jefferson County Court of Misdemeanors, and the presence of such on the back of the warrant and affidavit deprived the defendant of a trial de novo as he was authorized by law to receive.

"The jury knew that this was an appeal. The court in its oral charge told them that the case was appealed from the County Court of Misdemeanors and was being tried de novo. There was no exceptions made to this statement of the court. No doubt the attorneys themselves often referred to the appeal. In view of the fact that the jury knew that this was an appealed case, the mere presence of a writing on the back of the warrant to the effect that the defendant was fined $50.00 certainly did not prejudice the rights of this defendant, inasmuch the jury was charged with knowledge of the law that the minimum fine for the offense alleged to have been committed and for which the defendant was being tried was $50.00. The writing on the back of warrant added nothing to the knowledge of the jury, and therefore was error without injury, if any error at all."

We are impressed with the foregoing argument, and are of the opinion that it is well taken. In furtherance hereof we quote the following from the opinion of Sanders v. State, 131 Ala. 1, 31 So. 564, as being conclusive of the correctness of the action of the court thus complained of, towit: "In the trial of a criminal case, it is necessary that the jury should take the indictment with them on their retirement to consider of their verdict; and the fact that the defendant was jointly indicted for murder for the same offense, and that the verdict of the jury which tried his co-defendant was endorsed on said indictment, does not render it improper for such indictment to be taken by the jury in their retirement."

■■ Defendant made and entered a motion for a new trial based upon numerous grounds, but, however meritorious some of the insistences contained therein may appear, we are without authority to consider same as said motion is not properly presented for review; as the motion for a new trial, the evidence in support thereof, and the ruling of the court denying same and exception appears in the record proper only, and no mention thereof is contained in the bill of exceptions. This will not suffice. In order to properly present for review the action of the court on motion for a new trial the provisions of Section 6088 of the Code 1923, must be complied with, and it is mandatory that the bill of exceptions must contain a sufficient recital to show the making of such motion, the ruling of the court thereon, and an exception thereto. Such are the express terms of the Statute, supra. See Vol. 4, Shepard's Alabama Citations 1928–1938, p. 356. Sec. 6088, Code 1923.

■ There appeared no sufficient evidence to connect the defendant with the ownership, possession or dominion of the cans of liquor alleged to have been found hidden near the home of the defendant; it, therefore, appears from the record that the conviction of this appellant was rested upon the testimony of State Witness Lamb as to having found wet spots of whiskey on the floor, window sill and screen in the living room of defendant's home. While we are not prepared to hold the defendant was entitled to a directed verdict, yet the testimony tending to connect the defendant with the possession of the corn liquor was vague and uncertain and a conviction upon such testimony would unquestionably be of very doubtful propriety.

For the error indicated the judgment of conviction from which this appeal was taken is reversed and remanded.

Reversed and remanded.