27 So.2d 703

### SOUTHEASTERN CONST. CO. v. ROBBINS.

#### 4 Div. 963.

Court of Appeals of Alabama.

Aug. 1, 1946.

Rehearing Denied Oct. 8, 1946.

E. O. Baldwin, of Andalusia, for appellee.

London & Yancey, of Birmingham, for appellant.

CARR, Judge.

Plaintiff below, appellee here, brought suit against the Southeastern Construction Company, a corporation. He claimed that an agent of the defendant acting within the line and scope of his employment negligently left a truck parked at night, without lights or other warning signals, on a street in the City of Andalusia, Alabama, and as a proximate result of said negligence the car in which the appellee was riding collided with said truck and damages resulted to plaintiff thereby.

After demurrers were interposed to the complaint, the defendant filed only the general issue.

It appears that about sixteen months prior to the institution of the instant suit the Southeastern Construction Company, a corporation, had been dissolved by mutual consent of the stockholders.

Title 10, Sec. 110, Code 1940, in pertinent part, provides: "Corporations whose charters expire by limitation and which are dissolved by forfeiture or by any other cause, except by judicial decree, exist as bodies corporate for the term of five years

after such dissolution, for the purpose of prosecuting or defending suits, settling their business, disposing of their property, and dividing their capital stock, but not for the purpose of continuing their business."

When the attorney filed the general issue, this admitted the corporate character of the defendant and thereby the plaintiff was relieved of proof of the corporation as named as defendant in the complaint. Southern R. Co. v. Hundley, 151 Ala. 378, 44 So. 195; Burke v. Curtis Aeroplane Motor Co., 204 Ala. 354, 85 So. 703; George D. Witt Shoe Co. v. Mills, 224 Ala. 500, 140 So. 578; Woodmen of the World v. Maynor, 206 Ala. 176, 89 So. 750.

The question of major insistence on this appeal is whether or not the evidence sufficiently establishes the ownership of the truck and the agency of its operator so as to make the defendant answerable in damages.

At the time of the collision the truck was unattended.

The plaintiff undertook to meet the burden under which he labored by showing that the Southeastern Construction Company had a fleet of trucks which operated through Andalusia; that on the night in question, shortly before the collision, the vehicle with which plaintiff's car collided was refueled at a filling station and the gas was charged to the defendant by the identification of a courtesy card; that the bill for the gas was later paid by the company to whom it was charged; that the defendant's name was printed on the cab of the truck.

The filling station operator testified that he had serviced the defendant's trucks and the vehicle in question was owned by the defendant.

Appellant made proof that the truck was not owned by the Southeastern Construction Company, a corporation, at the time of the accident or at the date the suit was filed, but on the contrary was owned and operated by the Southeastern Construction Company, a partnership. This conflict in the evidence is easy to explain since it was shown that the corporation was dissolved a little more than a year prior to the collision, and after dissolution the company operated as a partnership.

The appellant did not undertake to show absence of any authority of the alleged agent.

There are many cases familiar to the profession that announce the rule that proof of ownership of the damaging vehicle in the defendant raises an administrative presumption that its driver was acting within the line and scope of the authority of his agency. Walker v. Stephens, 221 Ala. 18, 127 So. 668; Cruse-Crawford Mfg. Co. v. Rucker, 220 Ala. 101, 123 So. 897.

After stating the above rule, the Supreme Court in Newell Contracting Co. v. Berry, 223 Ala. 109, 134 So. 870, 872, observed: "The same presumption for the same reason should apply when a car is found unattended in apparent violation of traffic regulations. Some person who had the operation of it must have been responsible for such condition. Knowledge of the circumstances which brought it about is presumed to be peculiarly possessed by defendant. Defendant in this case did not undertake to excuse or justify the manner in which it was left, nor the occasion for doing so, nor to show an absence of its authority." See also, City of Mobile v. McClure, 221 Ala. 51, 127 So. 832.

In view of the provisions of Title 10, Sec. 110, Code 1940, supra, and the issues based in this case, we hold that the evidence was sufficient to make a jury question on the instant inquiry. The general affirmative charges were properly denied to the defendant under each count of the complaint.

The following written instruction was denied the appellant: "7. I charge you, gentlemen of the jury, that it is unlawful for any person who is intoxicated to drive any motor vehicle upon any highway of the state."

It is doubtful if the evidence is sufficient to make this charge applicable, but be this as it may its refusal is justified because it states an abstract principle of law without containing instruction as to its effect upon an application to the issues in the cause. Wear v. Wear, 200 Ala. 345, 76

So. 111; Fleetwood v. Pacific Mut. Life Ins. Co., 246 Ala. 571, 21 So.2d 696, 159 A.L.R. 171.

█ We will not charge error to the primary court in his action in overruling the motion for a new trial. Harden, Inc., v. Harden, 29 Ala.App. 411, 197 So. 94; Tennessee Coal, Iron & R. Co. v. Stevens, 115 Ala. 461, 22 So. 80.

As indicated it is our opinion that the judgment of the nisi prius court should be affirmed. It is so ordered.

Affirmed.

Court of Appeals of Alabama.

Aug. 1, 1946.

Rehearing Denied Oct. 8, 1946.

London & Yancey, of Birmingham, for appellant.

E. O. Baldwin, of Andalusia, for appellee.