224 So.2d 876

**Walter EADY, Alias**

**v.**

**The STATE of Alabama.**

3 Div. 408.

Supreme Court of Alabama.

July 3, 1969.

Nelson Burnett, Montgomery, for appellant.

**328**

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

Appellant was indicted, tried and convicted of the crime of robbery. His punishment was fixed at fifty years in the state penitentiary. He has appealed to this court from the judgment of conviction, contending error in the following areas:

■ 1. That the judgment of conviction must be reversed under authority of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, since those jurors professing general objection of capital punishment were excluded. In this contention appellant is wrong. The holding in *Witherspoon* is not applicable where the jury recommends a sentence less than the death sentence. Bumper v. State of North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797. By its express terms, *Witherspoon* is limited to those cases where the death sentence is imposed by a jury from which some have been removed because they opposed capital punishment.

■ 2. Appellant next contends that error was committed in that the court allowed testimony in the trial for robbery which would tend to show the commission of the crime of arson. The evidence was that a man, whom the victim identified as the defendant, accompanied by a woman, entered the house of Clara Smiley on the evening of March 19, 1966, and beat her, tied her to the bed, tortured her in an effort to obtain money, then left the victim tied, and spread hot coals upon the pine floor and debris thereabout, and left. The victim was discovered the next morning by a witness who testified that she was still tied up and had burns on her arms though the coals had gone out.

Clearly under our cases this testimony was admissible as being a part of the res gestae. Mason v. State, 42 Ala. 532; Gassenheimer v. State, 52 Ala. 313; Echols v. State, 147 Ala. 700, 41 So. 298; Pate v. State, 150 Ala. 10, 43 So. 343; Jackson v. State, 167 Ala. 44, 52 So. 835; Kennedy v. State, 182 Ala. 10, 62 So. 49; Caldwell v. State, 203 Ala. 412, 84 So. 272; Grant v. State, 250 Ala. 164, 33 So.2d 466; Parsons v. State, 251 Ala. 467, 38 So.2d 209. See Ala. Dig., Criminal Law, ☞365(1) for other cases so holding.

■ 3. The third contention of appellant is that the court erred in permitting the indictment, which included several aliases, to go to the jury room. A search of the record discloses no motion made by defendant below which raises this point and no ruling on this point by the court in any respect. This court can only review matters spread upon the record. Washington v. State, 81 Ala. 35, 1 So. 18; Wimbush v. State, 237 Ala. 153, 186 So. 145; Moran v. State, 15 Ala.App. 379, 73 So. 748.

4. The last contention is that the court erred in not allowing the defendant to address the jury after the conclusion of oral argument by counsel for defendant. We know of no authority for the proposition that a defendant in a criminal case, represented by competent counsel, has the right to address the jury himself after the conclusion of closing argument. This defendant appears to have been represented by zealous counsel. He had the right to take the stand in his own defense if he so chose, or to decline to take the stand, which he did. No error may be predicated upon the denial of his request to address the jury before it retired.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and BLOODWORTH, JJ., concur in the result.