296 So.2d 774

**Donald WILSON**

v.

**STATE.**

**1 Div. 312.**

Court of Criminal Appeals of Alabama.

Feb. 12, 1974.

Rehearing Denied March 19, 1974.

Wyman O. Gilmore, Grove Hill, and John L. Lawler, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Murder, second degree: sentence, ten years and one day in the penitentiary.

Appellant's brief has not complied with Rule A 49 Ala.App. XXI.

. I·

The State's case rested on circumstantial evidence to the effect that the deceased, Shirley James, did not die from suicide by a rifle shot. The appeallant and deceased, according to one witness, had quarreled shortly before she was shot. Her left eye was "real black." The appellant alone was present with her when the ambulance came to carry her to the hospital. She died there.

At the hospital, a witness noticed that both the deceased's eyes were swollen and black and blue.

Nelson Grubbs, assistant State Toxicologist, testified that his post mortem examination indicated that the deceased's left half of her skull was "depressed prior to the passage of the .bullet." His opinion was either/or, i. e., either the shot or the crushing of the head could have caused death. Grubbs found no powder burns or singed hair on deceased. He gave testimony as to the distance at which the trigger could have been touched by a suicide.

Appellant adduced testimony that the rifle belonged to deceased and that the house (which was his) was locked when he sought to enter. He would account for her skull condition because her body had been dropped when he and the ambulance attendant were moving her to a stretcher.

We consider that there was sufficient evidence to let the case go to the jury.

Hence, refusing the affirmative charge was not error.

## II

After the jury was selected and sworn the Record (p. 15) shows the following:

"JUDGE LINDSEY: State your case to the jury.

"During Mr. Kimbrough's statement of his case Mr. Gilmore objected as follows:

"MR. KIMBROUGH: '. . . the indictment, which was brought by eighteen men and women just like you.'

"MR. GILMORE: I object to that.

"JUDGE LINDSEY: Overrule the objection."

■ An objection in proper form would have been subject to being sustained. An indictment is not evidence and it is extraneous to the trial thereof to refer to how and by whom the indictment came into being. The office of the opening statement is to explain what the party making it expects the *evidence* to show. Knowles v. State, 44 Ala.App. 163, 204 So. 2d 506.

■ It is proper for the indictment to go to the jury room with the jury. 23A C.J.S. Criminal Law § 1369.

■ In Sanders v. State, 131 Ala. 1, 31 So. 564, McClellan, C. J., said, "It was necessary that the indictment should be taken by the jury on their retirement * * *."[1] Apparently, it is adjured in such cases that, upon request, the trial judge direct the jury that the true bill is not evidence. Little v. United States, 10 Cir., 73 F.2d 861.[2] The trial judge here so directed the jury.

Endorsed on the instant indictment (R. 2) was the clerk's legend:

"Presented in Open Court to the Presiding Judge by the Foreman of the Grand Jury in the presence of 17 other Grand Jurors, this 27 day of August, 1971."

At the close of the oral charge the following appears without any exception being taken by the defendant:

"Ladies and gentlemen of the jury, whatever your verdict is in this case, you will write it on the back of this indictment, one of your number signing it as foreman. For your convenience I have prepared the different forms of verdict which can be reached in this case, which I have charged you, and you may take this form here, and whichever verdict you reach, write it on the back of this indictment that you have with you, and one of your number sign it as foreman. You may retire to the jury room and begin your deliberations."

■ In Eady v. State, 284 Ala. 327, 224 So.2d 876 our Supreme Court laid down a requirement of protection of the record. In the instant case the point claimed erroneous was objected to only in general form without specification of grounds.

■ The other matters, i. e., letting the indictment go to the jury, and the endorsement thereon of the verdict comport with the accepted practice in Alabama courts. No motion to shield or paste over the legend endorsed of the presentment was made. Whether this should have been granted had it been made *we need not here decide.* See *Eady*, supra.

We consider no error is before us on this point.

[1]. As to misdemeanors, see Fisher v. State, 28 Ala.App. 410, 185 So. 913.

[2]. The use in an indictment of an alias presents a question of whether or not the indictee has been shown by the evidence to have used the alias. If there is no such proof, but only on such request, the trial judge should have the alias shielded. United States v. Skolek, 10 Cir., 474 F.2d 582. See also, Eady v. State, 284 Ala. 327, 224 So.2d 876.

### III

In his brief appellant's counsel contends in part as follows:

"The Court erred in allowing witness Nelson E. Grubbs to testify as an expert witness in the case. Witness Grubbs held forth as an expert in the case in the fields of medicine, ballistics, suicide, causes of death, ophthalmology, etc. without once being qualified as one with superior knowledge in any of the many fields in which he offered expert opinion testimony. Some of his testimony is based on the unknown calculations and observations of unknown persons.

"The Appellant's attorney objected to witness Grubbs being allowed to ramble in and out of most specialities known to men but each time was overruled by the trial court.

"A witness is not qualified as an expert unless there is proof or a stipulation that he is familiar with the subject upon which he is asked to give an opinion. Jenkins vs. State, 46 Ala.App. 719, 248 So.2d 758."

To this contention the Attorney General counters with:

" * * * Nowhere is it reflected in the record that the Appellant ever challenged the qualifications of Dr. Grubbs to give such testimony. Now, however, the Appellant presses upon this Court for the first time on appeal the argument that this case is due to be reversed because of the trial court's action in overruling his general objections to the testimony of Dr. Grubbs."

We consider there is no error in this regard. Ordinarily a witness's testimony becomes legal if received without objection. *Jenkins*, supra, represented an exception, i. e., lack of probable cause to support a warrantless search. In this latter situation the State was up against a prima facie presumption of unreasonableness. In the case below us now, no such burden is cast on the State as to its expert witness, or need for expert testimony.

Here we think the principle set out in Leeper Cleaning, etc. Co. v. McKinney, 230 Ala. 462, 161 So. 529(5) covers the claim of error; also Harbin v. State, 38 Ala.App. 251, 82 So.2d 565(1); and Greathouse v. State, 47 Ala.App. 71, 250 So.2d 609(4).

### IV

A State witness, Johnny Pugh, testified on direct that he saw Wilson strike and kick the deceased several times on the fatal night. On cross Pugh was confronted by defense counsel with prior contradictory statements. On redirect, over objection, the State elicited from Pugh his purported reason for his previous denial of having seen hostile acts by Wilson toward deceased.

This enquiry was proper, Campbell v. State, 23 Ala. 44.

### V

Under Taylor v. State, 18 Ala. App. 466, 93 So. 78 the trial judge on the motion for new trial should have let the jurors testify of "extraneous facts" which may have influenced the verdict and which were before them while deliberating. This is not to allow impeachment of the verdict but to determine the purity of the process leading to it.

There was irregularity by the bailiffs in allowing other persons to act as substitute bailiffs without approval of the judge. However, no evidence was adduced that any outsider, including the bailiffs, pseudo-bailiffs, or other persons contacted the jury, or made any conversation calculated to prejudice them against Wilson. Supreme Court Rule 45.

We have considered the entire record under Code 1940, T. 15, § 389 and conclude that the judgment should be

Affirmed.

All the Judges concur.