WRIGHT, Presiding Judge.
This appeal is from a directed verdict in favor of defendant and from denial of motion for new trial. We affirm.
Defendant was the insurer of plaintiff Daniel Lumpkin’s house against loss from fire or lightning with extended coverage providing protection against loss from windstorm.
On September 23, 1975, hurricane “Eloise” passed through the vicinity of Opelika and blew several large limbs onto plaintiff’s house. Plaintiff filed a claim for damages to his house. He was issued a draft for his loss.
Plaintiff was aware that another large limb had been broken by “Eloise,” but had not fallen. It remained hanging in a tree over his house. He contacted the National Guard, Alabama Power Company and the City of Opelika about removing the limb. He made no effort to remove the limb or to hire it removed.
*1239 After a small wind on April 13, 1976, the hanging limb fell. It pierced plaintiffs roof and went through the kitchen ceiling in two places. Plaintiff notified defendant of this damage and made a claim but defendant refused to pay, hence this suit.
The case proceeded to trial before a jury. After the jury had been impaneled and sworn, defendant amended its answer by pleading a release. At the close of plaintiff’s case defendant moved for directed verdict on the following grounds:
“1. Plaintiff has failed to make out a prima facie case.
2. A release has been proved.
3. It affirmatively appears from the evidence that plaintiff did not protect his property as required by the policy of insurance.
4. It affirmatively appears from the evidence that plaintiff’s loss was not a direct result of windstorm.
5. Proximate cause has not been proved by the plaintiff.
6. There is not a scintilla of evidence establishing proximate cause.
7. No damage proved.”
The trial court granted the motion without designating any specific ground. However, the record indicates the court believed the evidence of damage to be legally insufficient. Plaintiff moved for a new trial. The motion was denied. Plaintiff appeals.
A trial court does not commit reversible error in giving a directed verdict on an erroneous ground if the moving party is otherwise entitled to a directed verdict. King v. Winslett, 287 Ala. 98, 248 So.2d 566 (1971); Burke v. Curtis Aeroplane Motor Co., 204 Ala. 354, 85 So. 703 (1920). If directed verdict is proper under any of the grounds enumerated by defendant in its motion, no reversible error has been committed.
If the trial court directed a verdict for failure of plaintiff to sufficiently prove damage, it acted erroneously. The statements by the court indicated that the expenses of repair of the house and removal of the broken limb from the house were not sufficient because they were not shown to be reasonable. Under the terms of the policy, such proof was not required. State Farm Mut. Auto. Ins. Co. v. Barrow, 46 Ala.App. 392, 243 So.2d 376 (1971).
In view of our opinion that the direction of the verdict was correct under ground three of the motion, we will not further discuss the other grounds.
Ground three charged a violation of a material condition of the policy, i. e., that plaintiff failed to protect the property from damage.
The evidence was without dispute that the limb which fell from a tree overhanging plaintiff’s house on April 13, 1976 was broken by the winds of “Eloise” on September 23, 1975. The limb was known by plaintiff to be broken and hanging dangerously over his house. During the more than six months between its breaking and falling, plaintiff sought free removal of the limb by the City, Alabama Power Company, and the National Guard, none of whom were legally obligated to respond. Plaintiff admitted that he made no attempt to hire anyone to remove the limb but stood idly by and permitted it to fall through his house. Such inaction in the face of imminent and obvious danger of damage to his house violated the express obligation of the policy.
The pertinent provisions of the policy in this regard are as follows:
“Perils not included. This Company shall not be liable for loss by fire or other perils insured against in this policy caused, directly or indirectly, by:
(i) neglect of the insured to use all reasonable means to save and preserve the property at and after a loss
“Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring, (a) while the hazard is increased by any means within the control or knowledge of the insured .
“Requirements in case loss occurs. The insured shall . . . protect the property from further damage .
*1240 “Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with . . . ”
We perceive it impossible for reasonable men to disagree from the evidence that plaintiff, with knowledge of the danger, unreasonably failed to protect the insured property from further loss from the winds of hurricane “Eloise.” Under such state of the evidence, the issue of violation of the policy becomes a question of law for the court and is a proper ground for a directed verdict. Alabama Power Co. v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975); Commercial Union Fire Ins. Co. v. Parvin, 279 Ala. 645, 189 So.2d 330 (1966).
The issue presented that the court erred in permitting the pleading of an additional defense after pre-trial order and upon date of trial is, in this case, not well taken.
The issue arose as follows: After original pleading and pre-trial, but a month before trial, defendant by letter notified plaintiff that he intended to plead a release. Such release was the endorsed draft paid plaintiff by defendant in response to the initial claim for damages due to the winds of “Eloise.” Counsel for plaintiff was aware of the previous claim and was furnished a copy of the claimed release prior to trial. The trial court properly permitted the filing of the additional defense under Rule 15(b), ARCP. The plaintiff was in no way prejudiced by the amended defense.
Finding no reversible error, we affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.